1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 10/15/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JAMES M. KELLEY, MIKI W. LARSSON,
and DOUGLAS B. KELLEY
                                    Plaintiffs,

            v.

RAMBUS, INC., et al.,

                                    Defendants.

Case Number C 07-01238 JF

ORDER[1] GRANTING MOTION TO
DISMISS WITH LEAVE TO AMEND

[re: docket nos. 99, 102, 105, 108, 109,
113, 118]

Defendants Rambus, Inc. ("Rambus"), Pricewaterhouse Coopers ("PwC"), Wilson

Sonsini Goodrich & Rosati ("WSGR"), John Danforth, Robert Eulau, and Edward Larsen

(collectively "Defendants") move to dismiss the Consolidated Complaint filed by Plaintiffs,

James M. Kelley, Miki W. Larsson, and Douglas B. Kelley (collectively, "Plaintiffs").  For the

reasons discussed below, the motion will be granted with leave to amend.

## I. BACKGROUND

Plaintiffs James M. Kelley and Miki W. Larsson initiated this action on March 1, 2007,

alleging that they are Rambus shareholders who were damaged as a result of fraud on the part of

Defendants.  After filing their initial complaint, James M. Kelley and Larsson proceeded to

---

[1] This disposition is not designated for publication and may not be cited.

1   amend their complaint three times without seeking leave of this Court or Defendants' consent.

2   Plaintiff Douglas B. Kelley filed his complaint on May 8, 2007, and amended it as of right on

3   June 15, 2007.  The Court consolidated the two actions on June 25, 2007 and set a filing date for

4   a consolidated complaint and a briefing schedule for any motion to dismiss.  Plaintiffs filed their

5   Consolidated Complaint on July 24, 2007.  Defendants subsequently moved to dismiss the

6   Consolidated Complaint pursuant to the Private Securities Litigation Reform Act of 1995 (the

7   "PSLRA"), and Fed. R. Civ. Pro. 8, 9(b) and 12(b)(6) on August 10, 2007.  The Court heard oral

8   argument on September 7, 2007.

9                                    **II. LEGAL STANDARD**

10          A complaint may be dismissed for failure to state a claim upon which relief can be

11   granted for one of two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts

12   under a cognizable legal theory.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v.*

13   *Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to

14   dismiss, all allegations of material fact in the complaint are taken as true and construed in the

15   light most favorable to the nonmoving party.  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

16   754 (9th Cir. 1994).  A complaint should not be dismissed "unless it appears beyond doubt the

17   plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Clegg*,

18   18 F.3d at 754.  However, the Court "is not required to accept legal conclusions cast in the form

19   of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.*

20   at 754-55.  Motions to dismiss generally are viewed with disfavor under this liberal standard and

21   are granted rarely.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

22                                       **III. DISCUSSION**

23          Defendant Rambus moves to dismiss Plaintiffs' Consolidated Complaint pursuant to the

24   PSLRA and Fed. R. of Civ. Pro. 8, 9(b) and 12(b)(6).  Defendants' PwC, WSGR, John Danforth,

25   Robert Eulau, and Edward Larsen join in the motion.

26          Federal Rule of Civil Procedure 8 ("Rule 8") requires that claims be set out in short and

27   plain terms.  Plaintiffs' Consolidated Complaint  is 228 pages in length (295 pages with exhibits)

28   and contains 735 paragraphs.  In addition, on August 3, 2007,  Plaintiffs filed a request for

2

1   judicial notice of 842 pages of additional documents in support of their Consolidated Complaint

2   without explanation as to how these documents support the Consolidated Complaint.  Defendants

3   argue that the Consolidated Complaint violates Rule 8 because it "is a morass of allegations

4   regarding, *inter alia*, an alleged 'scheme of option backdating and spring-loading,' a 'submarine

5   patent scheme,' various infringement suits and regulatory actions, a bond offering, and alleged

6   insider trading."  Rambus Motion To Dismiss Consolidated Complaint ("Rambus Motion"),

7   6:18-21.  Defendants also assert that, "[l]oaded with multiple theories of conspiracies and

8   wrongdoing, the [Consolidated] Complaint requires Rambus Defendants (and the Court) to jump

9   back and forth to try to piece together the bases of Plaintiffs' numerous claims."  *Id.*, 6:21-23.

10  Finally, Defendants argue that, "[i]n their maze-like allegations spanning 13 years, plaintiffs

11  lump all defendants together without specifying which defendant knew what when, to the point

12  that some defendants are charged with statements made long before they joined or after they left

13  Rambus."  *Id.*, 7:9-12.  Plaintiffs claim that such length is required to meet the heightened

14  pleading standard of the PSLRA.  Plaintiffs also argue that paragraphs 1 and 2 of the

15  Consolidated Complaint comply with the requirements of Rule 8.

16        The judges of this court previously have dismissed securities class-action complaints for

17  violations of Rule 8.  *See In re LeapFrog Enters., Inc.* Sec. Litig., No. C-03-05421, 2006 WL

18  2192116 (N.D. Cal., Aug. 1, 2006); *In re Cornerston Propane Partners*, L.P., 335 F. Supp. 2d

19  1069, 1081(N.D.Cal. 2005); *In re Splah Tech. Holdings,* Inc. Sec. Litig., 160 F. Supp. 2d 1059,

20  1075 (N.D. Cal. 2001); *In re Autodesk, Inc.* Sec. Litig., 132 F. Supp. 2d 833, 842 (N.D. Cal.,

21  2000); *Cooperstone v. TCSI Corp.*, No. C 97-3495, 1999 WL 33295869 (N.D. Cal. Jan. 19,

22  1999).  In *In re Leapfrong Enters.*, Inc., Sec. Litig., 2006 WL 2192116 at *1, the court expressed

23  "concern that the manner which the 147-page consolidated amended complaint is arranged makes

24  it difficult, if not impossible, to evaluate the pleadings and determine whether the requirements

25  of the [PSLRA] are met."  This Court shares the same concern in the instant case.  The

26  heightened pleading standard is not an invitation to adopt a "kitchen-sink" approach to a

27  pleading.  Indeed, in another context requiring heightened pleading, the Ninth Circuit has noted

28  that "[a] heightened pleading standard is not an invitation to disregard's Rule 8's requirement of

1  simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

2      Further, the Court agrees with the Defendants that the Consolidated Complaint does not

3  clearly define which allegations are asserted against whom.  *See In re Cornerstone Partners*,

4  L.P., 335 F. Supp. 2d at 1081 ("[F]ormat provides no clear sense of time line of defendants'

5  alleged knowledge, nor particularized allegations as to the reasons for any given statement's

6  alleged falsity.").  For example, paragraph 1 of the Consolidated Complaint states that

7  Defendants Rambus, PwC, and WSGR "colluded with one another in violation of their duties"

8  and then provides a laundry list of alleged fraudulent activity without any indication of which

9  party participated in the activity or how they colluded.  Paragraph 2 of the Consolidated

10 Complaint states that Defendants Dunlevie, Davidow, Geschke, Tate, and Mooring participated

11 in an "ambush patent scheme."  The remainder of the Consolidated Complaint appears to discuss

12 these allegations, but it does not address how individual participants are tied into the allegations.

13     Viewed as a whole, the Consolidated Complaint requires both Defendants and the Court

14 to guess as to which parties were involved in which allegedly fraudulent activity.  In essence, the

15 Consolidated Complaint appears to be a statement that wrongdoing occurred, that all Defendants

16 somehow were involved, and that Plaintiffs therefore are entitled to damages.  However, as the

17 Supreme Court recently held, "a plaintiff's obligation to provide the grounds of his entitle[ment]

18 to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

19 cause of action will not do . . . Factual allegations must be enough to raise a right to relief above

20 the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-5 (2007).  Because

21 the Consolidated Complaint falls well short of this standard, it violates  Rule 8. [2]

24     [2]  As Defendants note in their papers, because the Consolidated Complaint violates Rule
25 8, it is difficult if not impossible to discern what facts support Plaintiffs' allegations and thus
26 which of Defendants' arguments have merit.  However, the Court advises Plaintiffs to consider
27 the arguments made by Defendants pursuant to Fed. R. Civ. Pro. 12(b)(6) in carefully drafting
any future amended complaint.

4

1

**IV. ORDER**

2          Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to

3   dismiss the Consolidated Complaint is GRANTED.  Because this is the first motion to dismiss

4   decided by the Court and because Plaintiffs are acting *pro se*, the Court will grant Plaintiffs leave

5   to amend.  Any amended complaint shall not exceed fifty (50) pages in length (exclusive of

6   exhibits).  Plaintiffs' request for judicial notice of 842 pages of additional documents filed by

7   Plaintiffs without explanation is DENIED.  Any amended complaint shall be filed within thirty

8   (30) days of the date of this Order.

9

10  DATED: October 15, 2007.

11

12                                                  _____
                                                    JEREMY FOGEL
13                                                  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Order has been served upon the following persons:

James M Kelley
14390 Douglass Lane
Saratoga, CA 95070

Miki W. Larsson
14390 Douglass Lane
Saratoga, CA 95070

Douglas B. Kelley
1887 Saint Andrews Place
San Jose, CA 95132

Ignacio Evaristo Salceda  isalceda@wsgr.com

Anthony I. Fenwick   anthony.fenwick@dpw.com

David Siegel   dsiegel@irell.com

Donald P. Gagliardi dgagliardi@be-law.com

Justin S. Chang   jchang@shearman.com

Steve Shea Kaufhold   skaufhold@akingump.com

Felix Shih-Young Lee  flee@fenwick.com

Darryl Paul Rains  drains@mofo.com

Jonathan R. Bass  EfilingJRB@cpdb.com

Case No. C 07-01238 JF
ORDER GRANTING MOTION TO DISMISS WITH  LEAVE TO AMEND
(JFLC3)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7